UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L AND L GOLD ASSOCIATES, INC.
d/b/a AMERICAN JEWELRY AND LOAN,
a Michigan Corporation,

        Plaintiff,

vs.

AMERICAN CASH FOR GOLD, LLC,
d/b/a AMERICAN CASH FOR GOLD,
a Michigan limited liability company,
and MAJID D. CHOLAK, an individual.

        Defendant.

_____/

Case No. 09-10801

HON. GEORGE CARAM STEEH

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE (#13)

This is a case of trademark infringement, false designation of origin, and trademark tarnishment under the Lanham Act, along with related state claims for violation of the Michigan Consumer Protection Act and the common law of unfair competition. Plaintiff L and L Gold Associates, Inc. d/b/a American Jewlery and Loan ("Plaintiff") alleges that Defendant American Cash for Gold, LLC d/b/a American Cash for Gold and its principal, Defendant Majid D. Cholak (collectively "Defendants"), knowingly and willfully attempted to trade on Plaintiff's long-established service marks and trade name, by seeking to establish a business directly competitive to Plaintiff's – in a location directly across the street from Plaintiff – using a service mark and name that is confusingly similar to Plaintiff's.  In the present motion, Defendants seek to strike three paragraphs of Plaintiff's amended complaint, relating primarily to Defendant

Cholak's criminal history. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich LR 7.1(e)(2), it is ORDERED that Defendants' motion be resolved without oral argument.

## STANDARD OF REVIEW

Rule 12(f) provides the Court a means to remove material from a pleading that it finds "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). While this Court has wide discretion to strike "redundant, immaterial, impertinent, or scandalous" material from a pleading, courts tend to disfavor motions to strike and they are infrequently granted, because a motion to strike "proposes a drastic remedy." *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000).

An allegation is "impertinent" or "immaterial" when it is not relevant to the issues involved in the action. "Scandalous" generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that "detracts from the dignity of the court." *Cobell v. Norton*, 224 F.R.D. 1, 5 (D.D.C. 2004).

## ANALYSIS

Defendants seek to strike as immaterial the portion of paragraph 7 of Plaintiff's amended complaint that discusses the square footage of Plaintiff's facility. Defendants also seek to strike paragraphs 12 and 45 of Plaintiff's amended complaint as "immaterial, impertinent and scandalous;" paragraphs 12 and 45 discuss Defendant Cholak's convictions for felonious breaking and entering (in 1981), larceny (in 1983),

2

felon in possession of a firearm (in 1991) and possession with intent to distribute marijuana (also in 1991).

Plaintiff responds that Defendant Cholak's criminal convictions are part of the public record, as Cholak's last two federal convictions are discussed in detail in the Sixth Circuit opinion *United States v. Cholak*, 983 F.2d 1069 (6th Cir. 1993).  Plaintiff further argues that Defendant Cholak's criminal history is relevant to this litigation, in so much as it bears on Plaintiff's claims that Defendants' infringing activities tarnish/diminish Plaintiff's good will and reputation.  In particular, Plaintiff argues that its goodwill is built on a reputation of honesty and integrity and that Defendant Cholak's history of dishonesty and criminal activity – in conjunction with Defendants' use of marks confusingly similar to Plaintiff's marks – tarnishes and diminishes Plaintiff's good will and reputation

To prevail on a motion to strike, the movant must clearly show that the challenged matter "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendant." *First City Nat'l Bank and Trust Co. v. FDIC*, 730 F. Supp. 501, 514 (E.D.N.Y. 1990) (denying motion to strike discussion of organized crime figure and purported illegal activity by some defendants). Defendants have not met this burden.  It is beyond dispute that Defendant Cholak has a checkered past. Defendant Cholak's convictions are part of the public record and are discussed at length in a federal appellate opinion.  Furthermore, Plaintiff's argument that Defendant Cholak's criminal history may be relevant to Plaintiff's claim for tarnishment/dilution is

well-taken. As such, the Court finds no basis to strike the portions of the amended complaint challenged by Defendants. *See, e.g.,First City*, *supra.*

Finally, even if the Court were inclined to grant Defendants' motion to strike on the merits, Defendants' motion would nonetheless be denied as untimely. Rule 12(f)(2) states that the Court may act on a motion to strike "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." Here, Defendants filed an initial answer (Docket # 9) to Plaintiff's amended complaint on April 17, 2009 and attached a motion to strike as an exhibit to their answer. Apparently realizing that it is improper to file a motion as an exhibit to a pleading, Defendants re-filed their answer on April 21, 2009 (Docket # 11) and re-filed their motion to strike as a stand-alone motion and brief (Docket # 12, 13). However, Rule 12(f) does not permit a party to file a motion to strike simultaneously with a responsive pleading; rather, a Rule 12(f) motion must be filed <u>before</u> a party responds to a pleading. As such, Defendants' motion to strike is untimely.

For the reasons set forth above, Defendants' motion to strike is hereby DENIED.

SO ORDERED.

Dated: June 10, 2009

                                             s/George Caram Steeh
                                             GEORGE CARAM STEEH
                                             UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 10, 2009, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk